You have asked our opinion whether a business organized as a foreign general partnership may change its form to a Maryland limited liability company ("LLC") without the payment of recordation and transfer taxes related to the consequent transfer of real property from the partnership to the LLC. In particular, your inquiry raises the question whether such a foreign partnership may take advantage of the exemption from recordation and transfer taxes set forth in Annotated Code of Maryland, Tax-Property Article ("TP"), § 12-108(y).
In our opinion, a foreign partnership that converts to a Maryland LLC by certain methods may claim the exemption set forth in TP, § 12-108(y), if the conditions of the exemption are satisfied. However, a foreign partnership may not transform itself into a Maryland LLC under a special conversion provision in the Maryland LLC law that avoids the obligation to pay recordation and transfer taxes.
This conclusion is not free from doubt and we acknowledge that our analysis differs in a key respect from advice previously furnished by this Office. The prior efforts of this Office to construe this exemption have proven that it is difficult to gain firm footing in the shifting sands of the tax exemption and LLC statutes that control the answer to your inquiry. Although those statutes have received considerable attention from the General Assembly in recent years, we urge the General Assembly to revisit the underlying policy issues and clarify the relationship of those statutes accordingly.
 I Statutory Provisions
A. Limited Liability Companies
In 1992, the Legislature adopted the Maryland Limited Liability Company Act. Chapter 536, Laws of Maryland 1992,codified at Annotated Code of Maryland, Corporations 
Associations Article ("CA"), § 4A-101 et seq. The LLC is a form of business organization that has characteristics of both a partnership and a corporation. Significantly, an LLC may be treated as a partnership for federal tax purposes, but offers its owners the same shield of limited liability enjoyed by shareholders in a corporation. See Floor Report for House Bill 373 (1992). It is attractive to business planners because it is more flexible than other hybrid forms, such as limited partnerships and "Subchapter S" corporations.[1] See 6A Uniform Laws Annotated, Uniform Limited Liability Company Act, Prefatory Note, at p. 426.
There are several ways by which an existing business may adopt the new business form, two of which are set forth in the LLC Act itself. First, proprietorships and certain partnerships may "convert" to an LLC by following procedures set forth in the LLC Act. CA, § 4A-211, 4A-212. Second, a partnership, corporation, or business trust may merge into an LLC by following the procedures set forth in the Act. CA, § 4A-701 et seq. Finally, the prior entity may simply be dissolved with its assets and liabilities conveyed directly or indirectly to a newly formed LLC. Of course, there may be advantages and disadvantages for a business to travel any of these routes, depending upon its treatment under the tax laws and other considerations. Among those factors are the recordation and transfer taxes imposed in connection with the conveyance of real property.
B. Recordation and Transfer Taxes
The State imposes two taxes on the transfer of real property — a recordation tax and a transfer tax. See Dean v. Pinder,312 Md. 154, 159-61, 538 A.2d 1184 (1988) (discussing history of recordation and transfer taxes). The recordation tax applies to the recording of a written instrument that effects a transfer of assets or relates to a security interest in property. TP, § 12-102. Such documents include, among other things, deeds, mortgages, leases, articles of transfer, articles of merger, articles of consolidation, and other documents that evidence a merger or consolidation of entities. TP, § 12-101(c). In general, the recordation tax is assessed at a rate set by the county governing body or, in the case of documents filed with the State Department of Assessments and Taxation ("SDAT"), at a rate prescribed by statute. TP, § 12-103. Depending upon the instrument involved, the tax is collected by either the clerk of the circuit court where the instrument is recorded or by the SDAT. TP, § 12-109.
The State transfer tax applies directly to a written instrument that conveys interests in real property and to articles of consolidation, transfer or merger. TP, § 13-101(c);TP, § 13-202. Unlike the recordation tax, the transfer tax does not apply to mortgages or security agreements. The tax is computed as 0.5% of the consideration payable under the instrument. TP, § 13-203. Certain counties may also impose a transfer tax on such instruments.[2] Transfer taxes are collected by the circuit court clerks with whom the instrument is recorded or by the SDAT, depending on the nature of the instrument. TP, § 13-208, 13-404.
An existing business that wishes to take advantage of the LLC form must change its form of organization and transfer its assets and liabilities, including any real property, to the new LLC. This transfer is potentially subject to the recordation and transfer taxes unless there is an exemption or other provision of law that excepts it from those taxes.
C. Tax Exemption Related to Conversions to LLCs
The General Assembly has specified a number of exemptions from the recordation and transfer taxes. See TP, § 12-108 (listing exemptions from recordation tax); TP, § 13-207(a) (applying certain exemptions from recordation tax to State transfer tax); TP, § 13-402.1(b)(2) (incorporating by reference exemptions from State transfer tax for transfer tax imposed by code home rule counties); TP, § 13-404(b) (creating exemptions from county transfer tax with language identical to certain provisions in § 12-108); and 13-405(c) (incorporating by reference for county transfer tax certain exemptions from State recordation tax). Among those exemptions is a provision that exempts transfers of real property that arise from the conversion of certain entities to LLCs. TP, § 12-108(y). With respect to a conversion from a general partnership to an LLC, the exemption reads, in pertinent part:
(y)(1) In this subsection, "predecessor entity" includes a:
(i) general partnership;
* * *
 (2) An instrument of writing that transfers title to real property from a predecessor entity or a trustee or nominee of a predecessor entity to a limited liability company is not subject to recordation tax if:
 (i)1. the members of the limited liability company are identical to the partners of the converting general partnership, . . .;
* * *
 (ii) each member's allocation of the profits and losses of the limited liability company is identical to that member's allocation of the profits and losses of the converting predecessor entity; and
 (iii) the instrument of writing that transfers title to real property represents the dissolution of the predecessor entity for purposes of conversion to a limited liability company.
TP, § 12-108(y). This exemption also applies to the State transfer tax and any county transfer tax. TP, § 13-207(a)(18), 13-402.1(b)(2), 13-405(c). Thus, a general partnership that converts to an LLC is eligible for the exemption if the two entities have the same owners and an identical allocation of profits and losses, and if the partnership is completely dissolved as part of the conversion.
Your inquiry requires an examination as to whether this exemption — or some other provision of law that avoids the recordation and transfer taxes — is available for a foreign general partnership that wishes to change its business form to a Maryland LLC.
 II Legislative History
A. 1996 — Creation of Tax Exemption
The Legislature created the initial version of the exemption in TP, § 12-108(y) for a transfer of real property from a partnership to a related LLC in 1996.[3] Chapter 690, Laws of Maryland 1996. In order to qualify for the exemption, the LLC and the predecessor general partnership had to consist of the same owners with an identical allocation of profits and losses. The legislation referred to the entity transferring property as "the converting partnership." Id. A floor report that summarized the bill while it was under consideration by the General Assembly stated that the Maryland Limited Liability Company Act had permitted "reconstitution" of various entities as limited liability companies and that the 1996 bill was designed to permit partnerships to transfer property to an LLC composed of the same members without need to pay the recordation and transfer taxes. House Floor Report for House Bill 979 (1996).
The new exemption referred to a conveyance from a "converting partnership," but did not define the term "converting" and did not distinguish between general and limited partnerships. Moreover, at the time this exemption was added, there was no specific provision in the partnership or LLC statutes that governed the "conversion" of a partnership to an LLC.[4]
Shortly after the exemption was enacted, questions arose as to whether the exemption applied to limited partnerships and whether one partnership could "convert" into several LLCs. The Assistant Attorney General assigned to advise the clerks of court provided a letter of advice that concluded that the exemption was available for limited partnerships as well as general partnerships. The letter of advice also referred to a dictionary definition of "convert" as "change (something) into a different form" and concluded that the exemption was available only for a partnership that converted into a single LLC. Memorandum to Clerks of Circuit Courts from Assistant Attorney General Julia Freit (July 8, 1996). The letter of advice also recommended that the written instrument for which the exemption was claimed recite that the conditions of the exemption had been satisfied — i.e.,
that the LLC was composed of the same members and allocation of profits and losses as the partnership and that the transaction was part of the complete conversion of the partnership into the LLC.Id. Neither the statutory language nor the interpretation proposed in the 1996 letter of advice from this Office excluded foreign partnerships from eligibility for the exemption.
B. 1997 — Amendment of Exemption, LLC Act, and Partnership Law
 1. Clarification of Exemption
One year after the exemption was created, the General Assembly amended it to read in its current form. Chapter 683, Laws of Maryland 1997. The amendment clarified the statute, apparently adopting the interpretation concerning limited partnerships suggested by the Assistant Attorney General and specified a list of entities encompassed by the exemption. Instead of referring to a "converting partnership" as the entity that transfers property, the statute now identified the transferor by the new term "converting predecessor entity" which was defined to include general partnerships, limited partnerships, limited liability partnerships, limited liability limited partnerships, certain proprietorships, and joint ventures. The amendment also required that the written instrument that transferred title to the real property also result in the dissolution of the predecessor entity as part of the conversion to an LLC. This part of the amendment was apparently intended to confirm the advice of this Office that the exemption pertained to a complete conversion of a partnership into an LLC.
The legislative file also indicates that the amendment was understood to "expand" the exemption. House Floor Report for House Bill 671 (1997); Senate Floor Report for House Bill 671 (1997). Testimony of the Maryland State Bar Association in support of the measure characterized it as an extension of the exemption for partnerships to "similarly situated persons" — i.e., proprietorships and joint ventures. The fiscal note for the bill projected a reduction in both State and local revenues as a result of the expansion of the exemption. Fiscal Note to House Bill 671. While documents in the legislative file refer to an expansion or extension of the exemption, the purpose paragraph of the title of the bill states simply that the bill "clarifies" the exemption and it is questionable whether the body of the bill actually extends the exemption.[5]
In any event, there is no indication in the legislative history for this bill of any intention to limit the existing exemption in any way as to converting partnerships. In particular, nothing in the bill or its legislative history indicates that it was intended to restrict application of the exemption as to foreign partnerships.
2. Addition of Conversion Provision to LLC Act
As noted above, prior to 1997, the LLC Act did not include any specific mechanism for an existing partnership to convert directly into the new form of business organization created by that Act. However, as originally enacted, the LLC Act did explicitly allow for a corporation, a business trust, or a limited partnership to merge into a limited liability company, an option that remains available under current law. CA, § 4A-701.[6] In addition, a partnership could essentially transform itself into an LLC by transferring the partnership assets and liabilities to the LLC and distributing LLC interest to the partners.
During its 1997 session, the General Assembly revised the LLC law in a bill entitled the Limited Liability Company Reform Act of 1997. Chapter 659, Laws of Maryland 1997. Among the amendments made to the Act was the addition of a simplified method for conversion of a partnership into an LLC. CA, § 4A-211.[7] The amendment also provided that the converting partnership and the LLC would be deemed the same entity "for all purposes." CA, § 4A-213(a). Thus, all property owned by the partnership would automatically remain vested in the LLC. CA, § 4A-213(b)(1).
To utilize the simplified method of conversion allowed by CA, § 4A-211, the partners need only approve the conversion in the same manner as an amendment to the partnership agreement and file articles of organization under the LLC Act along with a statement of the name of the former partnership, the date of its formation, and the place of filing of any statement or certificate of partnership. CA, § 4A-211(a).
According to the House Floor Report, this portion of the 1997 LLC legislation was designed to simplify the process for converting partnerships to LLCs. Floor Report for House Bill 309 (1997). Citing a report by a special committee of the Maryland State Bar Association,[8] the Floor Report recited three methods utilized to convert partnerships into LLCs in the absence of a specific conversion provision to the LLC law: (1) the partnership conveys its assets to a newly formed LLC in exchange for interests in the LLC; the partnership then dissolves and the LLC interests are distributed to the former partners; (2) the partnership dissolves and conveys its assets and liabilities to the former partners, who then contribute them to a new LLC in exchange for interests in the LLC; (3) the partnership merges into the new LLC.[9] Floor Report at p. 4.
By its terms, the new conversion provision in the LLC Act is available for a general partnership "formed under the provisions of Title 9" of the Corporations and Associations Article of the Annotated Code of Maryland and to limited partnerships formed under Title 10 of the same article. CA, § 4A-211. At the time the streamlined conversion provision in the Limited Liability Reform Act became effective, Title 9 of the Corporations and Associations Article contained Maryland's version of the Uniform Partnership Act, in which the definition of "partnership" read as follows:
 "Partnership" means an association of two or more persons to carry on as co-owners a business for profit. Any association formed under any other statute of this State, or any statute adopted by authority, other than the authority of this State, is not a partnership under this title unless the association would have been a partnership in this State before June 1, 1916 . . .
CA, § 9-101(g) (emphasis added). Thus, the new conversion provision was available only for partnerships formed under Maryland law and not for foreign partnerships. A letter of advice from this Office concluded that the new conversion provision also had the effect of limiting the availability of the exemption in TP, § 12-108(y) to Maryland partnerships. Memorandum to Clerks of Court by Assistant Attorney General Julia Freit (November 12, 1997).
3. Revised Uniform Partnership Act
During its 1997 session, the General Assembly also adopted the Maryland Revised Uniform Partnership Act, with a delayed effective date of July 1, 1998.[10] Chapter 654, Laws of Maryland 1997. The Maryland Revised Uniform Partnership Act contains a provision that explicitly authorizes the merger of a partnership into a limited liability company. CA, § 9A-901(a)(2). That section further provides that the merger provisions "do not preclude a partnership from being converted or merged by agreement or by operation of law." CA, § 9A-901(d).
C. Subsequent Failed Legislative Proposals
In 1998, and again in 1999, bills were introduced in the General Assembly apparently designed to make clear that the exemption in TP, § 12-108(y) is available to foreign partnerships and override the interpretation in the letter of advice from this Office. See House Bill 878 (1998); Senate Bill 675 (1999). Both bills would have amended TP, § 12-108(y) to state that the term "predecessor entity" includes foreign partnerships and also would have eliminated the restrictive definition of partnership in the limited liability company act to permit foreign partnerships to make use of the streamlined conversion provision in CA, § 4A-211. Both bills failed in committee.
 III Analysis
Tax exemption statutes are to be strictly construed in favor of the taxing authority. State Dept. of Assessment and Taxation v.Maryland-National Capital Park and Planning Commission, 348 Md. 2,17-19, 702 A.2d 690 (1997): However, a forced or strained construction . . . "is not the office of strictly construing tax exemption statutes." Id. at 18. The question of whether a foreign partnership that converts to a Maryland LLC may invoke the exemption from the recordation and transfer taxes in TP, § 12-108(y) requires an analysis of both the exemption statute and the LLC Act.
On its face, the exemption set forth in TP, § 12-108(y) is not limited to Maryland partnerships that "convert" to LLC form. However, as noted above, the specific conversion mechanism provided in CA, § 4A-211 et seq., of the LLC Act is limited to Maryland partnerships. Thus, if the exemption in TP, § 12-108(y) is available only for "conversions" accomplished under the LLC Act itself, then the exemption is not available for a foreign partnership that transforms itself into a Maryland LLC by some other mechanism.
In our opinion, the exemption is not limited to conversions accomplished under the special provisions of the LLC Act. Although this conclusion is not entirely free from doubt[11]
and prior advice of this Office has suggested a contrary result, the legislative history of the exemption supports this conclusion for several reasons.
First, the exemption for "converting partnerships" in the Tax-Property Article predates the addition of the specific conversion provision to the Limited Liability Company Act in 1997. This suggests that the exemption was not designed solely for conversions accomplished under the simplified conversion provision of the LLC Act. Moreover, the legislative file of the LLC Reform Act that added the special conversion provision demonstrates that the General Assembly was informed that there already existed at least three other methods of "conversion" at the time the simplified method was enacted. Floor Report for House Bill 309 (1997) at p. 4. Nothing in the file indicates that the simplified method was meant to supplant these other possible methods. Each of these methods is presumably available to a foreign partnership.[12]
Second, there is no indication that the Legislature intended to limit the prior reach of the exemption when it enacted the special conversion provision in the LLC Act. There is no cross-reference in the legislative history of the 1997 bill that amended TP, § 12-108(y) to the conversion provisions that were added to the LLC Act that same year. Nor are the references to "conversion" in the two statutes precisely parallel. For example, the tax exemption provision lists limited liability partnerships and limited liability limited partnerships among the potential predecessor entities while the conversion provisions in the LLC Act do not explicitly mention those entities. Conversely, while the LLC Act refers only to the conversion of "individual proprietorships," the tax exemption contemplates proprietorships with multiple members and joint ventures.
Finally, if the exemption pertained only to conversions accomplished under the LLC Act itself, the exemption would be superfluous. The conversion provision in the LLC Act states that the predecessor partnership and newly created LLC are to be considered the same entity "for all purposes." CA, § 4A-213(a). The assets of the partnership become the assets of the LLC by operation of law. Any confirmatory deed filed to reflect the change of name and business form of the entity does not convey the property, nor is there any consideration for conveying property between the successive versions of the entity. Accordingly, no transfer and recordation taxes are due and, because there is no taxable transfer, an exemption is unnecessary. By contrast, a conversion accomplished by another method that involves a transfer of real property from the predecessor partnership to the successor LLC would involve a taxable event, absent the exemption. See Dean v. Pinder, 312 Md. 154,538 A.2d 1184 (1988) (consideration payable for property includes intangible personal property such as partnership or LLC interests).
All of this suggests that the Legislature did not intend to limit the exemption for conversions in the Tax-Property Article to those accomplished under the new streamlined conversion provision in the LLC Act. Thus, while only a Maryland partnership may take advantage of the special conversion provision in the Limited Liability Company Act, a foreign partnership that "converts" to an LLC by the other methods mentioned above may invoke the exemption in TP, § 12-108(y), if the transaction otherwise satisfies the conditions of the exemption — i.e., identity of ownership and allocation of profits and losses and simultaneous dissolution of the partnership.
 IV Conclusion
In sum, it is our opinion that a foreign partnership that converts a Maryland LLC may claim the exemption set forth in TP, § 12-108(y), if the conditions of the exemption are satisfied. However, a foreign partnership may not convert to a Maryland LLC under a specialized conversion provision in the Maryland LLC law that avoids the need to pay recordation and transfer taxes.
We recommend that the Legislature clarify the relationship of the tax exemption and LLC conversion statute. For example, the ambiguity in the law that generated the request for this opinion might be remedied by adding a definition of the term "converting" in the exemption that clarifies the relationship between the exemption and the conversion provision in the LLC Act.[13]
 J. Joseph Curran, Jr. Attorney General
 Robert N. McDonald Chief Counsel Opinions Advice
[1] In a law review article published at the time of enactment of the Maryland statute, a Maryland law professor offered this description of the advantages of the LLC form:
 Like a general partnership, [the LLC] is highly flexible and "tailorable," and it is not (so far) taxable at the entity level. Like a corporation it provides limited liability to its owners. Partnership/corporation hybrids, of course, are nothing new. The limited partnership has been around a long time. The great advantage of the LLC, however, is that its members, unlike limited partners, have no restrictions on their right to participate in control of the business. In addition, there is no need to have a member or other participant that would have unlimited liability similar to that of a general partner of a limited partnership.
 Similarly, the LLC statutes abandon the corporation statutes' mandatory hierarchy of shareholders, directors, and officers . . . In essence, the LLC statutes permit business owners to avoid mandatory intermediary management structures (such as boards of directors) and to run the business directly on any organizational basis they wish.
Sargent, Are Limited Liability Company Interests Securities?, 19 Pepp. L.Rev. 1069, 1073-75 (1992) (footnotes omitted). A subsequent revision of Treasury regulations has confirmed that the Internal Revenue Service will treat an LLC as a partnership for tax purposes unless the LLC itself elects to be treated as a corporation. 26 CFR, § 301.7701-3.
[2] TP, § 13-402.1 authorizes code home rule counties to impose a transfer tax; other counties have such authorization by separate legislation. See e.g., Chapter 515, Laws of Maryland 1965 (Howard County); Chapter 610, Laws of Maryland 1975 (Anne Arundel County).
[3] As originally enacted, the exemption read as follows:
 (y) An instrument of writing that transfers title to real property from a partnership to a limited liability company is not subject to recordation tax if:
 (1) the members of the limited liability company are identical to the partners of the converting partnership; and
 (2) each member's allocation of the profits and losses of the limited liability company is identical to that member's allocation of the profits and losses of the converting partnership.
Chapter 690, Laws of Maryland 1996 codified at TP, § 12-108(y). The legislation included cross references to extend the exemption to the State and county transfer taxes, that were codified at TP, § 13-207(a)(18) and TP, § 13-405(c), respectively. The existing cross-reference in TP, § 13-402.1(b)(2) also applied the exemption to county transfer taxes in home rule counties. However, the exemption in TP, § 13-404(b) from the county transfer tax imposed on articles of transfer, articles of consolidation, and articles of merger filed with SDAT was not amended by the bill. This may have been the result of a drafting oversight as the other subsections that incorporate exemptions operate by a simple cross-reference to subsections of TP, § 12-108 while TP, § 13-404(b) repeats the language of various subsections of TP, § 12-108 without explicitly noting the relationship to those subsections. 
[4] The conversion provisions in the Maryland Limited Liability Company Act, CA, § 4A-211 through 4A-213, were not enacted until 1997. See Part II.B.2. of this opinion.
[5] Whether the addition of the terms "joint venture" and "proprietorship" to the various forms of partnership listed in the definition of "predecessor entity"actually expands the exemption is opento question and creates additional issues of interpretation. Under Maryland case law, a "joint venture" may simply be another name for a partnership. See Madison NationalBank v. Newrath, 261 Md. 321, 329, 275 A.2d 495 (1971); Beard v.Beard, 185 Md. 178, 185, 44 A.2d 469 (1945). Maryland statutory law does not define "joint venture," except to indicate that it may be classified as a partnership. See CA, § 9A-202(a). Thus, the inclusion of the term in this statute may be superfluous.
A proprietorship included in the definition of "predecessor entity" is one "comprised of one or more individuals which is involved principally in buying, selling, leasing, or managing real property." TP, § 12-108(y)(1)(vi). However, the concept of a proprietorship consisting of more than one individual is difficult to square with the common definition of the term or to distinguish from a partnership as defined under either the Uniform Partnership Act or Revised Uniform Partnership Act. See CA, § 9-101(g) (partnership is "an association of two or more persons to carry on as co-owners a business for profit"); CA, § 9A-101, 9A-202(a) (similar definition).
[6] In connection with Maryland's adoption of the Revised Uniform Partnership Act, this section was amended effective date of July 1, 1998 to permit general partnerships to merge with a limited liability company. Chapter 654, Laws of Maryland 1997.See also Part II.B.3 of this opinion.
[7] That section reads:
 (a) A general partnership formed under the provisions of Title 9 of this article or a limited partnership formed under the provisions of Title 10 of this article may convert to a limited liability company by filing articles of organization that meet the requirements of § 4A-204 of this subtitle and include the following:
 (1) The name of the former general partnership or limited partnership; and
 (2) The date of formation of the partnership and place of filing of the initial statement of partnership, if any, or certificate of limited partnership of the former general partnership or limited partnership.
 (b) The terms and conditions of a conversion of a general or limited partnership to a limited liability company shall be approved by the partners in the manner provided in the partnership's partnership agreement for amendments to the partnership agreement or, if no such provision is made in a partnership agreement, by unanimous agreement of the partners.
 (c)(1) A general partner of a limited partnership or a partner of a general partnership who becomes a member of a limited liability company as a result of the conversion remains liable as a general partner of a limited partnership or a partner of a general partnership for any obligation or liability of the partnership incurred or arising before the conversion takes effect, to the extent that the partner or general partner would have been obligated or liable if the conversion had not occurred.
 (2) The partner's or general partner's liability for all obligations or liabilities of the limited liability company incurred or arising after the conversion takes effect is that of a member of a limited liability company, as provided in this title.
Similarly, the amendment also contained a provision for proprietorships to convert into LLCs. CA, § 4A-212.
[8] Report of Special Committee on Limited LiabilityCompanies with respect to the Proposed Amendments to the MarylandLimited Liability Company Act (January 27, 1997) at p. 6. Among other things, that report proposed in substance the conversion provisions for partnerships that were adopted by the General Assembly in Chapter 659.
[9] At that time, under Maryland law, only limited partnerships had statutory authority to merge into an LLC. CA, § 10-208. Upon the effective date of the Maryland Revised Uniform Partnership Act in 1998, a statutory merger was available to Maryland partnerships generally. CA, § 9A-901.
[10] Initially, the Legislature repealed the Uniform Partnership Act and replaced it in Title 9 of the Corporations and Associations Article with the Revised Uniform Partnership Act, to be effective July 1, 1998. Chapter 654, § 1, Laws of Maryland 1997. However, prior to the effective date of that action, the Legislature retracted the repeal and enacted the Revised Uniform Partnership Act as a new Title 9A of the Corporations and Associations Article. Chapter 743, §§ 1-2, Laws of Maryland 1998. At the same time, a section was added to the Uniform Partnership Act setting forth its application to existing partnerships and providing for the termination of Title 9 effective December 31, 2002. Chapter 743, § 2, Laws of Maryland 1998 codified at
CA, § 9-1001.
[11] A contrary conclusion might be drawn from the unsuccessful attempts during the last two sessions of the Legislature to amend both the LLC Act and the exemption to allow a foreign partnership to convert to a Maryland LLC without payment of recordation or transfer taxes. Both of the failed bills would have amended the conversion provision of the LLC Act and tax exemption in § 12-108(y) to encompass foreign partnerships. See
Senate Bill 675 (1999); House Bill 878 (1998). One might argue that these attempts demonstrate a legislative understanding that the references to conversion are conterminous and that the tax exemption currently is unavailable for foreign partnerships that converts to a Maryland LLC with identical ownership and profit and loss allocation.
However, in Maryland, failure of a bill on a specific subject is "a rather weak reed on which to lean in ascertaining legislative intent." Goldstein v. State, 339 Md. 563, 569-70,664 A.2d 375 (1995); see also Andy's Ice Cream v. Salisbury,125 Md. App. 125, 154, 724 A.2d 717 (1999). Inaction by a single committee during the 1998 and 1999 sessions is an unlikely barometer of the intent of the entire Legislature during those sessions, much less of the Legislature during prior sessions. Moreover, one might just as easily draw the opposite conclusion from the committee's inaction — i.e., that a majority of the committee concluded that current law already allowed for tax-exempt conversions by foreign partnerships.
[12] Of course, whether the exemption under TP, § 12-108(y) is available for a conversion by another method will depend upon whether that method involves "an instrument in writing that transfers title to real property" and whether the other conditions of the exemption are met — i.e., identity of owners, identical profit and loss allocation, and dissolution of the partnership.
[13] Two other ambiguities in the statute also merit clarification. As noted in footnote 3 above, the exemption in TP, § 12-108(y) was incorporated by cross-reference in all of the exemption provisions relating to transfer and recordation taxes except TP, § 13-404(b). If the Legislature intended for the exemption in TP, § 12-108(y) to apply to the county transfer tax imposed on articles of transfer, article of consolidation, and articles of merger it can remove any doubt by amending TP, § 13-404(b) appropriately.
Second, as noted in footnote 5, the current language of TP, § 12-108(y) appears to contemplate multi-member proprietorships — a concept most lawyers would consider an oxymoron. Elimination of that term will also eliminate some confusion in application of the exemption.
 *Page 3